IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POPPARTIES LLC, a Michigan limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WANG MINGFU, individual, also known as FRANK CESAR, and doing business as FRANK VDJ<br><br>Defendant. | Civil Action No. CaseNumber<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNJUST ENRICHMENT, TRADE LIBEL, AND TORTIOUS INTERFERENCE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff POPparties LLC ("POP Parties" or "Plaintiff"), hereby alleges the following Complaint against Defendant Wang Mingfu ("Mingfu" or "Defendant") as follows:

I. INTRODUCTION

1.1 Plaintiff brings this action against Wang Mingfu and all related aliases, including Frank Cesar, alleging copyright infringement and unfair competition arising from Defendant's willful, deliberate, and malicious acts of copyright infringement and unfair competition that are causing substantial and irreparable harm to the goodwill, reputation, and business of POP Parties. Specifically, Defendant has willfully copied Plaintiff's original artistic designs and sold unauthorized reproductions of those designs on the same platform and in direct competition with

COMPLAINT - 1

Plaintiff. Defendant is also unfairly disparaging Plaintiff's protected works by making false and deceptive comments and product reviews on the e-commerce website that Plaintiff primarily uses to sell its product. Defendant has also libeled Plaintiff's services and products in addition to intentionally interfering with Plaintiff's business relations and contracts. Plaintiff seeks preliminary and permanent injunctive relief, damages, and attorneys' fees and costs.

## II. PARTIES

2.1    Plaintiff POP Parties is a Michigan limited liability company with its principal place of business in Los Angeles, California. Plaintiff creates original party and holiday banners, which it produces in the United States and offers for sale on internet platforms, such as Amazon.com ("Amazon").

2.2    On information and belief, Defendant Wang Mingfu is an individual residing in Shenzhen in the Guandong province of China. Defendant Mingfu sells Chinese manufactured products on the Amazon marketplace. On information and belief, Defendant Mingfu uses the name Frank Cesar and the shop Frank VDJ to advertise and offer products, including infringing products, for sale on the Amazon marketplace. Frank DVJ sells items on Amazon exclusively from the Threemart brand. Threemart is a registered trademark owned by Wang Mingfu.

## III. JURISDICTION AND VENUE

3.1    Subject matter jurisdiction is vested in this Court under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of parties under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the Lanham Act, 15 U.S.C. §1051 *et seq.* Jurisdiction is also vested in this Court under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.2    This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367 because all other claims are related to the same controversy that gave rise to the federal causes of action alleged.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

3.3     This Court has personal jurisdiction over Defendant because he purposefully and intentionally conducted business with Amazon and directed communication and other conduct to Amazon (headquartered in Seattle, Washington) that were knowingly and intentionally calculated to inflict damage and harm upon Plaintiff, and which business and communications are the subject of this Complaint.  Personal jurisdiction is also proper in the Court because Defendant explicitly consented to the jurisdiction of the Federal District Court for the judicial district in which Amazon is located when he filed a counter notifications pursuant to 17 U.S.C. § 512(g)(3)(D).  Amazon is located in Seattle, Washington and Wang Mingfu's counter notification gave rise to this Complaint.

3.4     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the communications and actions that gave rise to this Complaint were directed to Seattle, Washington.  Venue is also proper under 28 U.S.C. § 1391(c)(3) because Defendant Wang Mingfu is not a resident of the United States and may be sued in any judicial district.

## IV.   FACTS

**A. Plaintiff's Creation of Banners and Sales Success.**

4.1     Plaintiff POP Parties manufactures, markets, and sells a variety of party and holiday banners.  These banners are composed of placards with original artwork created by Plaintiff.  Some placards contain single letters of text with the original artwork as a background.  The placards are strung along a ribbon or fiber which often spells a short message such as "Happy Birthday" or "Happy Holidays."

4.2     Plaintiff designs and manufactures the banners in the United States and ships its banners to customers across the country.

4.3     Plaintiff designed its first banner, titled Superhero Red Happy Birthday Banner ("Superhero Banner") on or about August 6, 2016.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

4.4 The Superhero Banner was offered for sale on Amazon and less than two weeks after it was created, Plaintiff was selling copies to customers around the country. An image of Plaintiff's Superhero Banner as sold on Amazon is below:



4.5 Plaintiff applied to register the banner after sales started to increase. The U.S. Copyright Office received a completed copyright application for the Superhero Banner on December 9, 2016. The case number of that application is 1-424116930.

4.6 Shortly after the Superhero Banner was designed, Plaintiff created another banner titled Woodland Reindeer Happy Birthday Banner ("Reindeer Banner") on or about August 8, 2016. Every placard of this banner contained original artwork created by Plaintiff.

4.7 Plaintiff marketed the Reindeer Banner on Amazon as well, and made its first sale on or about August 20, 2016. The Reindeer Banner was also a popular item on Amazon. An image of the Reindeer Banner as sold on Amazon is below:



FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

4.8 Plaintiff completed a copyright application for this banner and submitted it to the U.S. Copyright Office. Receipt of Plaintiff's compete application was acknowledged by the U.S. Copyright Office on December 9, 2016. The case number for the Reindeer Banner application is 1-4238058546.

4.9 Plaintiff created its third, and ultimately its most successful banner on or about September 20, 2016. This banner, titled Pixel Party Happy Birthday Banner ("Pixel Banner") once again contained original artwork created by Plaintiff. That original artwork was displayed on every placard in the banner.

4.10 As with the previous two banners, Plaintiff marketed its Pixel Banner on Amazon and completed its first sale within two weeks of creation. Sales increased rapidly for the Pixel Banner and it soon became a top seller on Amazon. An image of the Pixel Banner as sold on Amazon is below:



4.11 Plaintiff completed a copyright application for its Pixel Banner and submitted it to the U.S. Copyright Office, which confirmed receipt of Plaintiff's application on December 9, 2016. The case number for the Pixel Banner application is 1- 4234732141.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

4.12    All three of Plaintiff's banners became top-selling items on Amazon. Approximately one month after the Pixel Banner's first sale, it became the No. 1 best-selling banner on Amazon.

4.13    On or about November 5, 2016, Plaintiff was averaging over thirty sales every day just for the Pixel Banner. That number continued to grow for the next month, reaching approximately fifty banners sold every day.

B. **Defendant Minfu's Sale of Infringing Banners**

4.14    Plaintiff's Superhero Banner, Reindeer Banner, and Pixel Banner (collectively "Plaintiff's Banners") were selling well and consistently at the top of Amazon's best-selling banner list. The top-selling banners drew the attention of counterfeiters.

4.15    On November 5, 2016, Plaintiff discovered that Defendant was selling a copy of its Pixel Banner on Amazon and in direct competition with Plaintiff's banner.

4.16    Plaintiff purchased one of Defendant's copies from Amazon to compare with its Pixel Banner. The designs on both the banners were virtually identical.

4.17    When Plaintiff first uploaded its Pixel Banner for sale on Amazon, it received a unique ASIN, the Amazon Standard Identification Number, consisting of ten letters assigned to items sold on Amazon in order to identify the good. Defendant's copy of the Pixel Banner was sold using the same ASIN that was first assigned to Plaintiff's Pixel Banner.

4.18    Sharing an ASIN meant that customers would not be able to distinguish Defendant's unauthorized copy with Plaintiff's original work.

4.19    Defendant also copied Plaintiff's display and advertising photographs to sell his infringing banner. An image of Defendant's infringing banner as sold on Amazon is below:

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205



4.20    On or about November 5, 2016, Plaintiff notified Defendant of his infringing banner and demanded that Defendant remove the infringing products from Amazon.

4.21    Defendant initially removed his copy of Plaintiff's Pixel Banner from Amazon, but it resurfaced shortly thereafter.

4.22    On or about December 1, 2016, Plaintiff discovered that Defendant was also selling copies of the Superhero Banner and Reindeer Banner. Defendant's copies were virtually identical to the depiction of Plaintiff's original artwork; only the text or shape of Defendant's placards varied slightly from Plaintiff's banners. Images of Defendant's infringing banners are below:



FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205



4.23  In response to Defendant's unlawful copying of its work, Plaintiff sent Amazon a notification of infringement pursuant to the Digital Millennium Copyright Act ("DMCA") on or about December 2, 2016. Amazon removed Defendant's infringing banners and notified him of Plaintiff's DMCA notification.

4.24  Defendant responded with a counter-notice under § 512(g) of the DMCA in which he stated under penalty of perjury that he had a good faith belief that Plaintiff's complaint was either based on mistaken information or is an intentional misuse of the law.

4.25  Defendant has no such basis for his counter-notice.

4.26  Defendant's counter-notice also requested that Amazon restore his banners unless Plaintiff filed suit against him within ten days of his counter-notice, pursuant to the DMCA. He further agreed to accept service of process from Plaintiff.

4.27  This Complaint is filed, in part, as a response to Defendant's counter-notice.

4.28  However, Defendant's infringing did not stop with the counter-notice. Plaintiff soon found that Defendant had posted another banner for sale on Amazon that copied Plaintiff's Pixel Banner.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

4.29     Defendant's second banner was slightly altered from his first infringing copy and it was sold under a different ASIN.  However, Defendant's second banner still copied protectable elements from Plaintiff's top-selling Pixel Banner.

4.30     On or about December 12, 2016, Defendant used his second copy of the Pixel Party banner as the basis of a DMCA complaint to Amazon, claiming that Plaintiff's original Pixel Banner was a violation of Defendant's intellectual property.

4.31     Defendant's complaint was wholly without merit, as Plaintiff's Pixel Banner was created, published, and sold well before Defendant's second copy of the Pixel Banner appeared.  Defendant was simply attempting to claim ownership in Plaintiff's original work.

4.32     By alleging that Plaintiff's original Pixel Banner was infringing on Defendant's purported rights, Defendant was maliciously and willfully attempting to claim rights in works created by Plaintiff.

C. **Defendant's False and Misleading Reviews**

4.33     In or about early December 2016, Plaintiff noticed that suspicious reviews of the Plaintiff's Banners starting appearing on its Amazon product pages.

4.34     On information and belief, these reviews were written by fake user accounts created by Defendant.  Reviews included false representations of Plaintiff's Banners such as poor design, incomplete packages, or missing placards.

4.35     On information and belief, the reviews from these fake user accounts, under names like Louise Carro, Jose Urquidi, Alejandra De Lira, and others, were used to give Defendant's products five-out-of-five stars while giving Plaintiff's products lower star ratings.

4.36     Defendant is accustom to using multiple or fictitious names.  For example, Defendant's counter-notice to Amazon was signed Wang Mingfu with an e-mail address at wangmingfull@163.com.  However, when Defendant sent to Amazon his own DMCA take-

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

down notice alleging rights in the Pixel Banner, he did so under the fictitious name Frank Cesar, but with the same email address wangmingfull@163.com.

4.37 Defendant's fake reviews of Plaintiff's Banners contained false and disparaging representations of Plaintiff's products, such as missing and poorly designed placards.

4.38 These reviews are available for shoppers and potential customers from around the United States to see before purchasing Plaintiff's Banners, and the dissemination of false facts confuses customers and misrepresents the quality of both Plaintiff's and Defendant's products.

4.39 The unfair reviews also give Defendant's infringing banners a higher number of stars in Amazon's star-rating system, and reduce the number of stars that Plaintiff's Banners receive. Since many Amazon shoppers tend to buy from the seller with the most stars, and since the shoppers cannot readily identify the fake reviews, Plaintiff is put at an unfair completive and commercial disadvantage.

4.40 The star rating also affects the order of results when shopper search for party or holiday banners on Amazon. Products with higher star-ratings are given priority on search results due to the good ratings.

4.41 By manipulating POP Parties' ratings with false statements and facts, Plaintiff's Banners are artificially and unfairly lower on the search results than they should be resulting in less shoppers and potential customers visiting Plaintiff's product pages.

4.42 Plaintiff's reputation, good will, and name have all suffered from the contents of the false reviews propagated by Defendant.

V. CAUSES OF ACTION

FIRST CAUSE OF ACTION

COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*)

5.1 Plaintiff POP Parties re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1.1 to 4.42 as if fully set forth here.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

5.2 Plaintiff's Banners each constitute an original work of authorship and copyrightable subject matter under the laws of the United States.

5.3 Plaintiff is the sole owner of all exclusive rights in and to each of Plaintiff's Banners, and the U.S. Copyright Office has confirmed receipt of correct copyright applications for each of Plaintiff's Banners.

5.4 Defendant Wang Mingfu has copied, created derivative works of, distributed copies to the public, and publically displayed Plaintiff's Banners, all without the consent or authority of Plaintiff.

5.5 Defendant's actions were and are intentional, willful, wanton, and performed in complete disregard of Plaintiff's rights.

5.6 Defendant's actions therefore constitute infringement of Plaintiff's exclusive rights, in violation of the Copyright Ant, 17 U.S.C. §§ 106 and 501.

5.7 Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because Plaintiff's copyrights in the banners are unique and valuable property without a readily determinable market value. Thus, Defendant's repeated infringement harms Plaintiff in a way that Plaintiff cannot be made whole with a monetary award, and Defendant's wrongful conduct, and the consequential damages to Plaintiff, is continuing.

5.8 Plaintiff has been and will continue to be damaged by Defendant's wrongful infringement of Plaintiff's Banners, and Defendant has been and continues to be unjustly enriched in an amount to be proven at trial.

5.9 Plaintiff is alternatively entitled to statutory damages under 17 U.S.C. § 504(c), which should be enhanced due to the nature of Defendant's infringement and in accordance with 17 U.S.C. § 504(c)(2).

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

5.10    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 512(f).

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION (15 U.S.C. § 1125)

5.11    Plaintiff POP Parties re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1.1 to 5.10 above as if fully set forth here.

5.12    Defendants have made false or misleading descriptions of fact to Plaintiff POP Parties' customers on Amazon regarding the quality of Plaintiff's Banners.

5.13    Defendant disguised his false or misleading description of facts so that Plaintiff's customers on Amazon from across the country, who comprise Plaintiff's near exclusive customer base, could not distinguish between false reviews and real reviews of Plaintiff's Banners.

5.14    These false or misleading representations and descriptions of fact made to Plaintiff's customer base and on Plaintiff's primary sales platform have injured Plaintiff's name, goodwill, and reputation.

5.15    These injuries flowing from Defendant's unfair conduct have resulted in lower customer ratings for Plaintiff's Banners, and hamper Plaintiff's ability to compete with Defendant for the business of customers who shop for holiday or party banners on Amazon.

5.16    These injuries flowing from Defendant's unfair conduct have also caused confusion among potential customers, and have led these customers to purchase banners from competitors, resulting in loss of sales and revenue.

5.17    Plaintiff seeks money damages and injunctive relief from Defendant's unfair conduct including an award of attorneys' fees and costs

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

## THIRD CAUSE OF ACTION

## TRADE LIBEL

5.18 Plaintiff POP Parties re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1.1 to 5.17 above as if fully set forth here.

5.19 Defendant made factually false representations and statements in the reviews of Plaintiff's Banners.

5.20 These false statements were published on Amazon and available to any potential customer shopping for Plaintiff's Banners or visiting the webpage where those banners were offered for sale.

5.21 The nature and subject matter of Defendant's false comments disparaged the quality of Plaintiff's Banners and services. These statements were intentionally made by Defendant in order to deceive shoppers and turn them away from Plaintiff's products, thereby reducing the sales of Plaintiff's Banners.

5.22 As a result of Defendant's intentional and false statements, Plaintiff did lose sales of its banners, and some customers decided to purchase Defendant's infringing banner instead of Plaintiff's Banner because of the deceptive and disparaging reviews on Plaintiff's Banners.

## FOURTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP OR BUSINESS EXPECTANCY

5.23 Plaintiff POP Parties re-alleges and incorporates by reference all of the allegations set forth in Paragraphs 1.1 to 5.22 above as if fully set forth here.

5.24 Plaintiff had a business relationship with Amazon whereby Plaintiff offered goods for sale on Amazon's website in exchange for good consideration. That business relationship was memorialized in an Amazon Participation Agreement.

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

5.25  Defendant knew that Plaintiff was selling banners on Amazon, and knew that Plaintiff had executed an Amazon Participation Agreement.

5.26  In Defendant's counter-notice to Amazon, he specifically alleges that Plaintiff violated the Amazon Participation Agreement and requests that Amazon no longer host any of Plaintiff's Banners or assist in the sale of Plaintiff's Banners.

5.27  Defendant's interference with Plaintiff and Amazon's business and contractual relationship was intentional and made for the improper purpose of removing Plaintiff's Banners from Amazon as infringing products, which Defendant knows is untrue, so that Defendant could sell his unauthorized copies without competition.

5.28  Defendant had no good faith basis for his interference, or for alleging that Plaintiff violated any of his purported intellectual property.

5.29  Plaintiff's Pixel Banner was in fact taken down due to Defendant false allegations of Plaintiff infringing his rights, and Plaintiff is suffering lost sales every day that its banners are off of Amazon's marketplace.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in this action as follows:

A.  A permanent injunction enjoining and restraining Defendant, and all persons, entities, or agents acting in concert with him, during the pendency of this action and thereafter perpetually, from copying, creating derivative works from, distributing copies of, offering for sale and/or publically displaying any of Plaintiff's copyrighted products;

B.  A permanent injunction enjoining and restraining Defendant, and all persons, entities, or agents acting in concert with him, during the pendency of this action and thereafter perpetually, from reviewing, rating, or otherwise commenting on any of Plaintiff's products;

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205

C.  Awarding Plaintiff a money judgment, including but not limited to compensatory, statutory, and punitive damages, as permitted by law, against Defendants in an amount exceeding $500,000, the precise amount to be proven at trial;

D.  Awarding Plaintiff its costs, disbursements, and reasonable attorneys' fees in this action, as permitted by law;

E.  An order under 17 U.S.C. § 503(b) requiring Defendant to impound, on such terms as the Court may deem reasonable: all copies claimed to have been made or used in violation of the Plaintiff's exclusive rights; all plates, molds, masters, film, tape, files, or other articles by means of which such copies may be reproduced; all records documenting the manufacture, sale, or receipt of things involved in any violation; and to destroy or otherwise reasonably dispose of all copies found to have been made or used in violation of Plaintiff's exclusive right; and

F.  Such other and further relief as the Court deems just and equitable.

DATED this 14th day of December, 2016

FANNIN LITIGATION GROUP, P.S.

s/ *Patrick K. Fannin*
Patrick K. Fannin
WSBA No. 13320
Attorneys for Plaintiff

COMPLAINT - 15

FANNIN LITIGATION GROUP, P.S.
1312 North Monroe
Spokane, Washington 99201
(509) 328-8204
Facsimile (509) 328-8205