HON. RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POPPARTIES LLC, a Michigan limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WANG MINGFU, individual, also known as FRANK CESAR, and doing business as FRANK VDJ<br><br>Defendant. | CIVIL ACTION NO. C16-1914 RAJ<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT** |

This matter came before the Court on the motion of Plaintiff POPparties LLC ("Pop Parties" or "Plaintiff"), through its attorneys, Fannin Litigation Group, P.S., requesting Judgment by Default against Defendant Wang Mingfu ("Mingfu" or "Defendant"). Dkt. # 19. Upon review of Plaintiff's Motion, the Declaration of Pat Fannin, and the pleadings filed in this action, the Court FINDS and ORDERS as follows:

1. Plaintiff's Motion for Default Judgment is GRANTED;

2. Defendant Mingfu and its officers, agents, servants, employees, assigns, and all those in active concert or participation with any of them ("Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise, are ORDERED and ENJOINED as follows:

a. For purposes of this Permanent Injunction, the following definitions apply:

   i. "Copyrighted Works" shall mean each of those works, or portions thereof, as described by Plaintiff as Superhero Red Happy Birthday Banner, Woodland Reindeer Happy Birthday Banner, and Pixel Party Happy Birthday Banner, Dkt. # 1 at ¶¶ 4.3, 4.6, 4.9, in which Plaintiff or its affiliate owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq.*

   ii. "Infringing Item" shall mean any product, good, or merchandise bearing any, or comprising a, simulation, reproduction, counterfeit, copy, or colorable imitation of the Copyrighted Works or any part thereof, manufactured, sold, offered for sale, advertised, marketed, and/or distributed by or on behalf of Defendant in the past or in the future.

b. Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Works, either directly or contributorily, including generally but not limited to, by manufacturing, producing, selling, marketing, advertising, promoting, displaying, offering for sale or otherwise disposing of or distributing any of the Infringing Items; and

c. Effective immediately upon the entry of this Permanent Injunction, the Enjoined Parties are permanently enjoined from inducing, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any of the Copyrighted Works.

d. IT IS FURTHER ORDERED, that this Permanent Injunction shall be binding upon and inure to the benefit of the parties and all successors,

assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise.

e. IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

Dated this 10th day of January, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

[Proposed] Order - 3